IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-03160-CNS
Criminal Case No. 1:22-cr-00344-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMY FORD MOORE,

    Defendant.

---

## ORDER

---

Before the Court is Jeremy Ford Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 115. For the following reasons, the Court DENIES Mr. Moore's motion. In doing so, the Court presumes a reader's familiarity with this case's factual and procedural background. Additionally, after reviewing Mr. Moore's motion and the factual record, the Court concludes Mr. Moore's motion can be resolved on the record and that an evidentiary hearing is not necessary for the Court's resolution of Mr. Moore's motion. *See, e.g.*, United States v. Mendez-Zamora, 230 F. App'x 792, 795 (10th Cir. 2007).

### A. PRO SE SUMMARY

You have filed a motion arguing that you received ineffective assistance of counsel during your criminal proceedings, and challenging your sentence. In order to successfully argue that you received ineffective assistance of counsel, you must show that your counsel's performance was deficient and that you were prejudiced by it. These are high

1

burdens to meet, and you have not met them. Because you have not, the Court denies your motion. The remaining arguments you make as to why you were sentenced improperly do not persuade the Court that the Court should set aside or vacate your sentence.

### B. ANALYSIS

Mr. Moore advances several arguments, all essentially arguing he received ineffective assistance of counsel and challenging his sentence. The Court liberally construes them, *see, e.g., Hall v.* Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and rejects them in turn.

#### 1. Failure to File Motions

First, Mr. Moore argues he broadly received ineffective assistance of counsel. Specifically, that his counsel "never filed a single motion" on his behalf, that his counsel provided inconsistent and "coercive" advice on accepting a plea agreement, and essentially that his counsel was ineffective for failing to withdraw his guilty plea. ECF No. 115 at 13. The Court disagrees on all fronts.

The government correctly states that, to establish ineffective assistance of counsel, a defendant must satisfy two prongs: deficiency of performance and prejudice. *See* ECF No. 121 at 4 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Court agrees with the government Mr. Moore cannot meet his burden under either prong. As the government observes, Mr. Moore's counsel filed motions and advocated on his behalf, and apprised him of the fact he could be held responsible for the methamphetamine at sentencing. *See, e.g.,* ECF No. 63; ECF No. 121 at 5. Counsel advocated in a reasonable and professional manner, and did not engage in any behavior

2

that rises to the level of misleading or coercing Mr. Moore. Moreover, Mr. Moore, at sentencing, praised his counsel's performance. *See* ECF No. 114 at 51.

At bottom, reading the record as a whole, the Court agrees with the government that all the actions Mr. Moore challenges are strategic decisions that were made in a reasonable manner, which do not rise to the level of deficient performance or prejudice such that Mr. Moore has or can meet his *Strickland* burdens. *See, e.g., United States v. Garcia-Patino*, No. 17-20038-18-DDC, 2022 WL 17555410, at *3 (D. Kan. Dec. 9, 2022) ("Counsel's strategic or tactical decisions are presumed correct, unless they were *completely* unreasonable, not merely wrong, so that they bear *no relationship* to a possible defense strategy." (quotations omitted) (emphases added)). Simply because Mr. Moore may disagree with his attorney's legal analysis or strategic decisions is no basis for deeming her assistance ineffective. Especially where, as the government observes, Mr. Moore has failed to show prejudice under *Strickland* due to his counsel's refusal to withdraw the guilty plea, and there are no indications his counsel pressured or forced Mr. Moore to accept his plea agreement. *See, e.g.,* ECF No. 121 at 5–7; *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000); *Miles v. Dorsey*, 61 F.3d 1459, 1470 (10th Cir. 1995) ("Advice—even strong urging by counsel does not invalidate a guilty plea." (quotations omitted)).

   2. **Lawfulness of Sentence**

Second, Mr. Moore challenges the lawfulness of his sentence on the ground that it "exceeds the maximum allowed by law." ECF No. 115 at 16. Specifically, that the Court "misapplied the [G]uidelines" and the evidence "does not support" the Court's finding as to Mr. Moore's relevant conduct and his ultimate sentence. *Id.* However, as the

government contends, this challenge to his sentence is waived. *See* ECF No. 121 at 7. Mr. Moore's plea agreement contains a collateral attack waiver. *See* ECF No. 47 at 3. Mr. Moore's claim falls within that waiver; his waiver of his collateral attack rights was knowing and voluntary, and the Court's enforcement of that waiver as contained in the plea agreement would not result in a miscarriage of justice. *See* ECF No. 121 at 8; ECF No. 118 at 17; *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc). For these reasons, the Court rejects Mr. Moore's second claim on waiver grounds, and need not consider the government's arguments regarding the claim's merits and as to whether it is procedurally barred.

### 3. Failure to Investigate Crimes

Third, Mr. Moore claims he received ineffective assistance of counsel due to counsel's "failure to investigate," including the failure to "investigate or interview anyone in the indictment about Moore's involvement in the case or at a bare minimum ask if they even knew Moore at all." ECF No. 115 at 18. But as the government argues, all the actions Mr. Moore challenges are fundamentally strategy choices that are soundly within counsel's discretion. *See* ECF No. 121 at 10. Nothing about the choices Mr. Moore disputes suggests his counsel was neglectful in representing Mr. Moore. *See, e.g., Yarborough v. Gentry*, 540 U.S. 1, 8 (2003) ("When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect.") (citing *Strickland*, 466 U.S. at 690). And in arguing counsel "failed to investigate," Mr. Moore has not met his prejudice burden—especially where his counsel *did* conduct a meaningful factual investigation, as evidenced by counsel's arguments during Mr. Moore's sentencing hearing and contained in the PSR

objections. *See generally* ECF No. 114. *See also* ECF No. 121 at 10, 11 n.4; *Yarborough*, 540 U.S. at 9 ("The issues counsel omitted were not so clearly more persuasive than those he discussed that their omission can only be attributed to a professional error *of constitutional magnitude*.") (emphasis added).

### 4. Failure to Request Records

Fourth, Mr. Moore challenges counsel's assistance as ineffective based on counsel's "failure to request undisclosed discovery" prior to Mr. Moore's sentencing hearing. ECF No. 115 at 20. But this argument fails to satisfy Mr. Moore's ineffective assistance burdens for the same reasons explained above in the Court's analysis of Mr. Moore's claim based on counsel's purported failure to investigate. Mr. Moore acknowledges the government told counsel that if she proceeded to sentencing the government would not use this discovery "against" Mr. Moore "for sentencing purposes," and that, considering this, Mr. Moore's counsel thought it was a "good deal" to proceed with the sentencing hearing and "made the choice to move forward" with it. ECF No. 115 at 20; *Yarborough*, 540 U.S. at 8. Nor has Mr. Moore persuaded in advancing this argument that counsel unconstitutionally coerced him to proceed to sentencing, given that counsel assessed the sentencing risks this discovery posed and advised Mr. Moore in light of those risks. *See, e.g., Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002) ("Since we concluded above that [counsel] did not coerce [the defendant] but merely 'strongly urged' him to do what they thought was in his best interest, we find this argument fails to demonstrate deficient performance.").

### 5. Failure to Challenge Indictment

Fifth, Mr. Moore appears to argue he received ineffective assistance of counsel because he "does not fit the elements to be charged" on Counts 1 and 6 in his indictment, and therefore "those counts should never have been filed in the [indictment]." ECF No. 121 at 13; ECF No. 115 at 22. The Court liberally construes this argument, as the government does, as to whether counsel's assistance was ineffective "for failure to challenge the indictment." ECF No. 121 at 13. It was not. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence . . . . Rather, an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quotations and alteration omitted). Mr. Moore does not challenge the indictment based on its legal sufficiency—put differently, he challenges the "sufficiency of the government's evidence," which is an improper basis for challenging the indictment, as it would have been an improper basis for any challenge by counsel. *Id.*; ECF No. 115 at 22. Regardless, even construing Mr. Moore's argument liberally, *Hall*, 935 F.2d at 1100, he has not met his *prejudice* burden, given as the government observes the counts Mr. Moore challenges under this claim, Counts 1 and 6, were dismissed under the plea agreement, ECF No. 47 at 2.

### 6. Failure to Object to Sentence

Sixth, Mr. Moore argues he received ineffective assistance of counsel because his counsel "failed to object" to "a 97 month sentence." ECF No. 115 at 23. The Court, like the government, construes this argument as claiming his attorney should have objected

Ms. Moore's sentence "as exceeding the Guidelines range based on the fentanyl for which he was responsible." ECF No. 121 at 14. The Court agrees with the government this argument is so conclusory and underdeveloped as to warrant summary rejection. *See, e.g., United States v. Beckstead*, 500 F.3d 1154, 1164–65 (10th Cir. 2007). But even briefly considering it on the merits, Mr. Moore's argument fails. As the government observes, based on the factual record the "97 months" was not above Mr. Moore's range. *See* ECF No. 121 at 14; ECF No. 114 at 32. And even putting that aside, his attorney adequately objected to and challenged the Court's ultimate sentencing calculations. *See generally* ECF No. 114. Thus, Mr. Moore's argument that his counsel failed to do so is plainly contradicted by the sentencing record.

* * *

For the reasons set forth above, Mr. Moore has failed to meet his ineffective assistance of counsel burdens, or persuade that he is entitled to § 2255 relief.

## C. CONCLUSION

Consistent with the above analysis, Defendant Jeremy Ford Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 115, is DENIED.

DATED this 20th day of May 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge